FRITHJOF NESS v. SINGER MANUFACTURING COMPANY.[1]

May 12, 1897.

Nos. 10,448—(102).

**Authority of Wife—Ratification by Husband.**

*Held* that, upon the evidence, the court was justified in finding that plaintiff's wife had no authority to exchange his sewing machine for another one, and that he had never ratified her act in doing so.

Appeal by defendant from a judgment of the municipal court of Duluth in favor of plaintiff, entered pursuant to the findings of Edson, J. Affirmed.

[1] Reported in 70 N. W. 1126.

*John Rustgard,* for appellant.
*Eric L. Winje,* for respondent.

MITCHELL, J.   There was evidence tending to prove that one day while plaintiff was absent from home, at his work, his wife made a bargain with defendant's agent by which she traded off an old sewing machine, the property of the plaintiff, for a new machine; she agreeing to pay to boot $35, payable in instalments of $3 per month. Having been informed when he returned home what his wife had done, plaintiff went to defendant's office that evening, or the next day, and notified the agent to return the old machine and take away the new one.   The defendant failed to do either.   When an instalment became due on the new machine according to the bargain made by defendant's agent with plaintiff's wife, the agent demanded payment from plaintiff; and, payment being refused, he then demanded possession of the new machine.   Plaintiff replied that he could not have it until he, plaintiff, had seen his lawyer.   The agent did not offer to return the old machine.   His demand for the new machine was made because of plaintiff's failure to pay the instalment, and was asserted under and in pursuance of the provisions of the contract which he had made with plaintiff's wife, and not for the purpose of undoing what had been done under it.   Defendant has never returned or offered to return the old machine, and the new machine still remains unusued at plaintiff's house, where defendant's agent left it.

This action was brought for the conversion of the old machine. There was no evidence that plaintiff had given his wife any express authority to make this trade, or that he had by his conduct ever clothed her with apparent authority to do so.   Upon this state of facts, which the evidence tended to prove, the trial court was justified in finding (1) that plaintiff's wife had no implied authority to trade off his sewing machine; (2) that he had not ratified her acts in the premises.

Order affirmed.